UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CV 3799


JUDGE HOLWELL

------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERSANNUITY FUND,
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, and THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR MANAGEMENT COOPERATION
FUND, by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES,

07 CV_____

**COMPLAINT**

MAY 1 5 2007

Plaintiffs,

-against-

CIRCLE CARPENTRY LLC.,

Defendant.
------------------------------------------------------------X

Plaintiffs, (hereinafter also referred to as "Benefit Funds"), by their attorneys O'Dwyer & Bernstien, LLP, for their Complaint allege as follows:

### NATURE OF THE CASE

1.  This is an action to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement ("Agreement") between The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and Circle Carpentry LLC. ("Employer").

### JURISDICTION

2.  This Court has subject matter jurisdiction over this proceeding pursuant to section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections

502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and section 9 of the Federal Arbitration Act, 9 U.S.C. §9.

3. Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

## VENUE

4. Venue is proper in this district in that Plaintiffs' offices are located in this district.

## PARTIES

5. At all times relevant herein the Plaintiffs were jointly administered, multi-employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6. The Benefit Funds are employee benefit plans within the meaning of sections 3(1) and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing health, medical and related welfare benefits, pension and other benefits to eligible participants and beneficiaries on whose behalf they receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and the Union.

7. Upon information and belief defendant Circle Carpentry LLC. is a domestic corporation incorporated under laws of the State of New York with a principal place of business located at 56-00 Grand Avenue, Maspeth, NY 11378.

8. The defendant is an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. §1002 (5).

## FIRST CLAIM FOR RELIEF

9. Defendant, Circle Carpentry LLC., was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective July 1, 2001. Said Agreement provides, inter alia, that the defendant shall make monetary contributions to the Benefit Funds on the behalf of covered employees, and for the submission of disputes to final, binding arbitration.

10. A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with obligations under the Agreement to make contributions for employees in the bargaining unit.

11. Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Robert Herzog, the duly designated impartial arbitrator.

12. Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated February 20, 2007 determining said dispute. Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "A" and made part hereof).

13. The arbitrator found that Circle Carpentry LLC. had failed to make contributions due to the Benefit Funds for the period October 19, 2005 through March 14, 2006, in the principal amount of $61,461.26.

14. The arbitrator also found that Circle Carpentry LLC. was required to pay interest on the principal amount due at the rate of 10% per annum from the date of the award.

15. The defendant, Circle Carpentry LLC. has failed to abide by the award.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1. For an order confirming the arbitration award in all respects;

2. For entry of judgment in favor of the Plaintiffs and against Circle Carpentry LLC. in the principal amount of $61,461.26, plus 10% interest per year from the date of the award to the date of entry of judgment;

3. For attorneys' fees and costs of this action;

4. For such other and further relief as this court may deem just and proper.

Dated: New York, New York
May 14, 2007

ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

# EXHIBIT A

```
-------------------------------------------X
```
In The Matter Of The Arbitration

      between

New York City District Council of Carpenters
Pension Fund, New York City District Council of
Carpenters Welfare Fund, New York City
District Council of Carpenters Vacation Fund,        **OPINION**
New York City District Council of Carpenters
Annuity Fund, New York City District Council           **AND**
of Carpenters Apprenticeship, Journeyman
Retraining, Educational and Industry Fund,            **AWARD**
New York City District Council of Carpenters
Charity Fund, United Brotherhood of Carpenters
and Joiners of America Fund and New York City
and Vicinity Joint Labor Management Cooperation
Trust Fund, by Michael J. Forde and Paul
O'Brien, Trustees
                          (Funds)

    -and-

CIRCLE CARPENTRY LLC
                         (Employer)
```
-------------------------------------------X
```
BEFORE:   Robert Herzog, Esq.

The Association of Wall-Ceiling & Carpentry Industries of New York, Incorporated (hereinafter referred to as the "Association") and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America are parties to a Collective Bargaining Agreement dated July 1, 2001. The Association entered into the Collective Bargaining Agreement on behalf of its members, of which Circle Carpentry LLC (hereinafter referred to as the "Employer") was one such member. The Collective Bargaining Agreement provides for arbitration of disputes before the

1

undersigned Arbitrator as Impartial Arbitrator, and in which the Employer has therein agreed, for the duration of the Agreement, to pay contributions toward employee benefit funds (hereinafter collectively referred to as the "Funds"). The Funds, as beneficiary of the Collective Bargaining Agreement, have standing before the Arbitrator. In accordance therewith, the Funds, by a December 26, 2006 Notice of Intention to Arbitrate, demanded arbitration. The Funds alleged the Employer failed to make sufficient benefit contributions to the Funds for the period of October 19, 2005 through March 14, 2006 as required by the Collective Bargaining Agreement.

    A Notice of Hearing dated January 19, 2007 advised the Employer and the Funds that the arbitration hearing was scheduled for February 13, 2007. The Notice of Hearing was sent to the Employer by regular and certified mail. United States Postal Service Certified Mail records evidence delivery of the Notice of Hearing to the Employer.

    On February 13, 2007, at the place and time designated by the January 19, 2007 Notice of Hearing, Steven Kasarda, Esq. appeared on behalf of the Funds. Despite the Employer having been sent notice of the proceeding and the claim against it, no appearance on its behalf was made. Also, no written, mutually agreed upon waiver by the parties to adjourn the proceeding, as required by the Collective Bargaining Agreement, was presented. The arbitration proceeded as a

2

Default Hearing. Full opportunity was afforded the party present to be heard, to offer evidence, and to examine witnesses. The Funds thereupon presented their proofs to the Arbitrator.

The uncontroverted testimony and evidence established that:

- During the October 19, 2005 through March 14, 2006 period, the Employer was bound to Association of Wall-Ceiling & Carpentry Industries of New York, Incorporated Collective Bargaining Agreement with the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America.
- The Collective Bargaining Agreement obligated the Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the Agreement.
- The Collective Bargaining Agreement authorized the Funds to conduct audits of the Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Funds.
- In accordance with this auditing provision, an accountant, employed by the Funds, and with the consent of the Employer, performed audits of the Employer's books and records.

The testimony of the Funds' auditor, Mr. Anthony Sgroi, established that the audit of the Employer's books and records uncovered delinquencies in the amount of contributions due the Funds

3

during the period of October 19, 2005 through March 14, 2006. The testimony further revealed that a copy of the Audit Summary Report had been forwarded to the Employer. Thereafter, the Funds demanded payment by the Employer. When the Employer failed to comply with the payment demand, the Notice of Intent to Arbitrate issued.

Auditor Sgroi's testimony set forth the accounting method employed during the course of the audit and the computation of the amount of each alleged delinquency. The total amount of the delinquency and interest for the October 19, 2005 through March 14, 2006 period was forty-seven thousand five hundred sixteen dollars and eighty-three cents ($47,516.83). The Funds requested an award for contributions owed, interest, liquidated damages, late payment interest, promotional fund assessment, audit and counsel fees, arbitration and court costs as provided for by the Collective Bargaining Agreement. Testimony computing these amounts was received into evidence.

### AWARD

Based upon the substantial and credible evidence of the case as a whole:

1. CIRCLE CARPENTRY LLC is delinquent in its Fringe Benefit payments due and owing to the Funds under the terms of the Collective Bargaining Agreement;

2. CIRCLE CARPENTRY LLC shall pay to the Funds forthwith the said delinquency amount, interest on said delinquency amount,

4

liquidated damages, late payment interest, the promotional fund assessment, the Funds' audit and counsel's fees, the undersigned Arbitrator's fee, and all associated court costs in the following amounts:

| | |
|---|---:|
| Principal Due | $ 43,328.00 |
| Interest Due | 4,188.83 |
| Liquidated Damages | 8,665.60 |
| Late Payment Interest | 2,133.73 |
| Promotional Fund | 295.10 |
| Court Costs | 350.00 |
| Audit Costs | 500.00 |
| Attorney's Fee | 1,500.00 |
| Arbitrator's Fee | 500.00 |
| TOTAL | $ 61,461.26 |

3. CIRCLE CARPENTRY LLC shall pay to the District Council Carpenters Benefit Funds the aggregate amount of sixty-one thousand four hundred sixty-one dollars and twenty-six cents ($61,461.26) with interest to accrue at the rate of 10% from the date of this Award.

_Robert Herzog_
Robert Herzog
Arbitrator

Dated: February 20, 2007

State of New York  )
County of Rockland )

    I, Robert Herzog, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

_Robert Herzog_
Robert Herzog
Arbitrator

Dated: February 20, 2007

5

To: CIRCLE CARPENTRY LLC
    Attn: Carlo Bordone, President
    56-00 Grand Avenue
    Maspeth, New York 11378

    Steven Kasarda, Esq.
    New York City District Council Carpenters Benefit Funds
    395 Hudson Street
    New York, New York 10014

    Assn. of Wall Ceiling & Carpentry Industries of New York
    Attn: Mr. Joseph Olivieri
    125 Jericho Turnpike
    Jericho, New York 11753

    Mr. Erwin Popkin
    500 N. Broadway, Suite 101
    Jericho, New York 11753