```
-----------------------------------------X
In The Matter Of The Arbitration

        between

New York City District Council of Carpenters
Pension Fund, New York City District Council of
Carpenters Welfare Fund, New York City
District Council of Carpenters Vacation Fund,          OPINION
New York City District Council of Carpenters
Annuity Fund, New York City District Council             AND
of Carpenters Apprenticeship, Journeyman
Retraining, Educational and Industry Fund,              AWARD
New York City District Council of Carpenters
Charity Fund, United Brotherhood of Carpenters
and Joiners of America Fund and New York City
and Vicinity Joint Labor Management Cooperation
Trust Fund, by Michael J. Forde and Paul
O'Brien, Trustees
                        (Funds)

    -and-

CIRCLE CARPENTRY LLC
                        (Employer)
-----------------------------------------X
BEFORE:  Robert Herzog, Esq.
```

The Association of Wall-Ceiling & Carpentry Industries of New York, Incorporated (hereinafter referred to as the "Association") and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America are parties to a Collective Bargaining Agreement dated July 1, 2001. The Association entered into the Collective Bargaining Agreement on behalf of its members, of which Circle Carpentry LLC (hereinafter referred to as the "Employer") was one such member. The Collective Bargaining Agreement provides for arbitration of disputes before the

1

undersigned Arbitrator as Impartial Arbitrator, and in which the Employer has therein agreed, for the duration of the Agreement, to pay contributions toward employee benefit funds (hereinafter collectively referred to as the "Funds"). The Funds, as beneficiary of the Collective Bargaining Agreement, have standing before the Arbitrator. In accordance therewith, the Funds, by a December 26, 2006 Notice of Intention to Arbitrate, demanded arbitration. The Funds alleged the Employer failed to make sufficient benefit contributions to the Funds for the period of October 19, 2005 through March 14, 2006 as required by the Collective Bargaining Agreement.

A Notice of Hearing dated January 19, 2007 advised the Employer and the Funds that the arbitration hearing was scheduled for February 13, 2007. The Notice of Hearing was sent to the Employer by regular and certified mail. United States Postal Service Certified Mail records evidence delivery of the Notice of Hearing to the Employer.

On February 13, 2007, at the place and time designated by the January 19, 2007 Notice of Hearing, Steven Kasarda, Esq. appeared on behalf of the Funds. Despite the Employer having been sent notice of the proceeding and the claim against it, no appearance on its behalf was made. Also, no written, mutually agreed upon waiver by the parties to adjourn the proceeding, as required by the Collective Bargaining Agreement, was presented. The arbitration proceeded as a

Default Hearing. Full opportunity was afforded the party present to be heard, to offer evidence, and to examine witnesses. The Funds thereupon presented their proofs to the Arbitrator.

The uncontroverted testimony and evidence established that:

- During the October 19, 2005 through March 14, 2006 period, the Employer was bound to Association of Wall-Ceiling & Carpentry Industries of New York, Incorporated Collective Bargaining Agreement with the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America.
- The Collective Bargaining Agreement obligated the Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the Agreement.
- The Collective Bargaining Agreement authorized the Funds to conduct audits of the Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Funds.
- In accordance with this auditing provision, an accountant, employed by the Funds, and with the consent of the Employer, performed audits of the Employer's books and records.

The testimony of the Funds' auditor, Mr. Anthony Sgroi, established that the audit of the Employer's books and records uncovered delinquencies in the amount of contributions due the Funds

during the period of October 19, 2005 through March 14, 2006. The testimony further revealed that a copy of the Audit Summary Report had been forwarded to the Employer. Thereafter, the Funds demanded payment by the Employer. When the Employer failed to comply with the payment demand, the Notice of Intent to Arbitrate issued.

Auditor Sgroi's testimony set forth the accounting method employed during the course of the audit and the computation of the amount of each alleged delinquency. The total amount of the delinquency and interest for the October 19, 2005 through March 14, 2006 period was forty-seven thousand five hundred sixteen dollars and eighty-three cents ($47,516.83). The Funds requested an award for contributions owed, interest, liquidated damages, late payment interest, promotional fund assessment, audit and counsel fees, arbitration and court costs as provided for by the Collective Bargaining Agreement. Testimony computing these amounts was received into evidence.

## AWARD

Based upon the substantial and credible evidence of the case as a whole:

1. CIRCLE CARPENTRY LLC is delinquent in its Fringe Benefit payments due and owing to the Funds under the terms of the Collective Bargaining Agreement;

2. CIRCLE CARPENTRY LLC shall pay to the Funds forthwith the said delinquency amount, interest on said delinquency amount,

liquidated damages, late payment interest, the promotional fund assessment, the Funds' audit and counsel's fees, the undersigned Arbitrator's fee, and all associated court costs in the following amounts:

| | |
|---|---:|
| Principal Due | $ 43,328.00 |
| Interest Due | 4,188.83 |
| Liquidated Damages | 8,665.60 |
| Late Payment Interest | 2,133.73 |
| Promotional Fund | 295.10 |
| Court Costs | 350.00 |
| Audit Costs | 500.00 |
| Attorney's Fee | 1,500.00 |
| Arbitrator's Fee | 500.00 |
| TOTAL | $ 61,461.26 |

3. CIRCLE CARPENTRY LLC shall pay to the District Council Carpenters Benefit Funds the aggregate amount of sixty-one thousand four hundred sixty-one dollars and twenty-six cents ($61,461.26) with interest to accrue at the rate of 10% from the date of this Award.

_____
Robert Herzog
Arbitrator

Dated: February 20, 2007


State of New York )
County of Rockland )


    I, Robert Herzog, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

_____
Robert Herzog
Arbitrator

Dated: February 20, 2007

5

```
To:  CIRCLE CARPENTRY LLC
     Attn: Carlo Bordone, President
     56-00 Grand Avenue
     Maspeth, New York 11378

     Steven Kasarda, Esq.
     New York City District Council Carpenters Benefit Funds
     395 Hudson Street
     New York, New York 10014

     Assn. of Wall Ceiling & Carpentry Industries of New York
     Attn: Mr. Joseph Olivieri
     125 Jericho Turnpike
     Jericho, New York 11753

     Mr. Erwin Popkin
     500 N. Broadway, Suite 101
     Jericho, New York 11753
```